**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Keith Donald,

    Petitioner

v.

Aaron D. Ford, *et al.*,

    Respondents

Case No.: 2:26-cv-01278-APG-BNW

**Order Dismissing Petition
Without Prejudice**

[ECF No. 1-1]

*Pro se* Petitioner Keith Donald has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1).  On initial review under the Habeas Rules, I dismiss the petition without prejudice and direct the Clerk of the Court to close this case.

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).  This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Here, the petition is subject to substantial defect.  To state a claim a habeas petitioner must demonstrate that he is entitled to release from confinement because he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). Donald refers to a North Las Vegas January 2025 conviction and it is unclear if Donald is challenging a Nevada state criminal conviction. Nonetheless, Donald is not in custody pursuant to a criminal conviction.

"'Federal courts are courts of limited jurisdiction,' possessing 'only power authorized by the Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013).  "If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). *See also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974).  Federal courts are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A-Z Int'l v. Phillips*, 749 F.3d 1141, 1145 (9th Cir. 2003).

In order to obtain habeas relief under Section 2254, the petitioner must demonstrate that he is "in custody." 28 U.S.C. 2254(a).  A federal district court may only consider a habeas petition if the petitioner was in custody at the time of filing of the federal petition. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam); *Bailey v. Hill*, 599 F.3d 976, 978-79 (9th Cir. 2010).  I note that Donald's claims also appear non-cognizable in federal habeas because success on the merits "would not necessarily lead to immediate or speedier release."[1] *See Nettles v. Grounds*, 830 F.3d 922, 934-35 (9th Cir. 2016).  Accordingly, as Petitioner was not in custody when he filed his federal petition as contemplated by 28 U.S.C. § 2254, the Court lacks jurisdiction to grant him habeas relief.

I THEREFORE ORDER:

1. Petitioner Keith Donald's Petition for Writ of Habeas Corpus (ECF No. 1-1) is dismissed without prejudice.

---

[1] A claim is cognizable under Section 2254 only if it falls within the "core" of habeas. *Nettles*, 830 F.3d at 930.  If success on a habeas claim would not necessarily lead to a petitioner's immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus." *Id.*

2. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk will make informal electronic service upon the respondents by adding Nevada Attorney General Aaron D. Ford as counsel for the respondents and to provide the respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.  No response is required from respondents other than to respond to any orders of a reviewing court.

3. The Clerk of the Court is directed to enter judgment accordingly and close this case.

4. A certificate of appealability is denied because jurists of reason would not find debatable whether the Court is correct in dismissing this action.

DATED this 30th day of June, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE